1:04-CR-508-1-CAP : TIMOTHY MOSES  # 56345-019

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Seventy-Eight (78) months on Count One and Sixty (60) months on Count Two, to run concurrently for a total sentence of 78 months.**

The Court recommends that the defendant be incarcerated in a facility in or as close to Atlanta, Georgia if possible.

The Court recommends that the defendant participate in the 500 Hour Drug/Alcohol Treatment Program while in the custody of Bureau of Prisons.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 0 9 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant ~~delivered~~ *v/s* on _05/03/06_ to _FCI TDG_ at _Talladega, AL_ , with a certified copy of this judgment.

_DB Drew, Warden_
UNITED STATES MARSHAL

By: _____ LTE

Deputy U.S. Marshal

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                    Case No.  1:04-CR-508-1-CAP

**TIMOTHY MOSES**

*56345-019*                              **Defendant's Attorney:**
                                          **John R. Martin**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant was found guilty  on Count(s) 1, 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §§ 1348(1), 1348(2) and 2 | Securities Fraud | 1 |
| 18 USC § 1621(1) | Perjury | 2 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $ 200.00 which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.         2762                    Date of Imposition of Sentence:
Defendant's Date of Birth:        1958                         February 17, 2006
Defendant's Mailing Address:
Georgia

Signed this the ___17ᵗʰ___ Day of February, 2006.

                                          s/Charles A. Pannell, Jr.
                                          CHARLES A. PANNELL, JR.
                                          UNITED STATES DISTRICT JUDGE

Case 1:04-cr-00508-CAP-JMF   Document 96   Filed 02/17/2006   Page 3 of 5

1:04-CR-508-1-CAP : TIMOTHY MOSES

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years on Count One and Three (3) years on Count Two to run concurrently.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall pay any financial penalty that is imposed by this judgment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall perform 100 hours of community service as directed by the probation officer.

Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly minimum rate of not less than $300, plus 25% of the defendant's monthly income in excess of $2,000.

Pursuant to 42 U.S.C. § 14135A(d) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

Page 4 of 5

1:04-CR-508-1-CAP : TIMOTHY MOSES

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.   The defendant shall support his or her dependents and meet other family responsibilities;

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.   The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.   The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:04-CR-508-1-CAP : TIMOTHY MOSES

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

## RESTITUTION

The defendant shall make restitution to the victims in this case in the  amount of $1.65 million to the victims in this case.  A list of the victims will be sent to the U.S. District Court Clerk's Office.

The restitution shall be paid in full immediately.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of not less than $300.00, plus 25% of the defendant's monthly income that exceeds $2,000.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the fine remains unpaid.